Filed 3/29/24  P. v. West CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DUSTIN MATTHEW WEST,<br><br>    Defendant and Appellant. | A168624<br><br><br>(Napa County Super. Ct.<br>Nos. 18CR003993, 18CR002622,<br>18CR003981) |

**MEMORANDUM OPINION**[1]

In 2018 and 2019, Dustin Matthew West pled no contest to various charges in three matters.  In case No. 18CR003993, he pled no contest to escape with force and criminal threats, and he admitted a prior strike allegation.  (§§ 4532, subd. (a)(2), 422, 667, subds. (b)–(i).)  In case No. 18CR002622, he pled no contest to criminal threats and resisting an executive officer, and he admitted a prior prison allegation.  (§§ 422, 69, former 667.5, subd. (b).)  In case No. 18CR003981, he pled no contest to vandalism, and he admitted a prior strike allegation.  (§§ 594, subd. (a)(1), 667, subds. (b)–(i).)  In 2019, the trial court sentenced him to an aggregate

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Penal Code.

1

term of 13 years in prison, which included a one-year enhancement for the prison prior (former § 667.5, subd. (b)) imposed in case No. 18CR002622.

In December 2022, West petitioned for resentencing in all three cases pursuant to section 1172.75 (formerly § 1171.1), which invalidated enhancements imposed under former section 667.5, subdivision (b) for nonsexually violent offenses. He urged the court to vacate the prison prior enhancement and to reduce his sentence pursuant to ameliorative sentencing legislation enacted after he entered his pleas.

In June 2023—and after considering the parties' briefing and oral argument, and a statement from West—the trial court struck the prior strike (§ 667, subds. (b)–(i)) pursuant to section 1385 in case No. 18CR003981, and it imposed a concurrent sentence on the vandalism conviction in that case. In a reasoned and thorough ruling, the court declined to further reduce West's sentence. It sentenced West to an aggregate prison term of 10 years, eight months, reimposing fines and assessments imposed at the original sentencing hearing.

West appealed. His appointed counsel filed a brief raising no issues and asking this court to conduct an independent review of the record. (*People v. Wende* (1979) 25 Cal.3d 436.) West was apprised of his right to file a supplemental brief; he has not filed anything. We have conducted an independent review of the record for arguable issues. (Cf. *People v. Delgadillo* (2022) 14 Cal.5th 216, 231, fn. 5 [declining to decide "*Wende*'s application to other postconviction contexts"], 233, fn. 6 [conducting an "independent review in the interest of judicial economy"].)

## DISPOSITION

The June 2023 judgment is modified to reduce the court operations assessment (§ 1465.8) to $200 and the criminal conviction assessment (Gov.

Code, § 70373) to $150.  The trial court is directed to issue an amended abstract of judgment reflecting these modifications and checking the "concurrent" box for the vandalism conviction in case No. 18CR003981.  The court is directed to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

_____

JACKSON, P. J.

WE CONCUR:

_____

BURNS, J.

_____

CHOU, J.

A168624

4